**DAMARISCOTTA BANK & TRUST CO.**

v.

**Gregg T. JONES, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 30, 1990.
Decided Jan. 15, 1991.

Dennis C. Hagemann, Ranger, Fessenden, Copeland & Smith, P.A., Brunswick, for plaintiff.

Dennis J. Jumper, Snyder & Jumper, Wiscasset, for defendants.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and BRODY, JJ.

WATHEN, Justice.

Defendants Gregg T. and Eileen M. Jones appeal from a summary judgment entered in the Superior Court (Lincoln County, *Lipez, J.*) foreclosing a mortgage on their property and ordering its sale and a disposition of the proceeds. Plaintiff Damariscotta Bank and Trust filed a complaint pursuant to 14 M.R.S.A. §§ 6321–6325 (Supp.1990) joining Roy E. Farmer and David B. Soule, Jr., holders of two junior mortgages on the subject property, as parties in interest. On appeal, defendants challenge the form of the affidavit submitted by plaintiff in support of its motion for summary judgment and also contend that the court's determination of the balance due on the junior mortgages is without support in the record. Finding no evidentiary basis for the court's determination of the balance due on the junior mortgages, we vacate for a proper determination of that amount and affirm the remainder of the judgment.

Plaintiff filed an affidavit of a bank officer in support of its motion for summary judgment. The affidavit referred to and incorporated attached copies of plaintiff's note, mortgage and notice of right to cure. Although the affidavit was made under oath and recited that it was based upon personal knowledge, defendants challenged the affidavit because the attached copies of the documents were not separately sworn to or certified.[1] The Superior Court committed no error in relying upon the subject

---

1. Defendants also argue in their brief that the documents were not attached to the original affidavit filed with the court or to the copy served upon them. The court file includes the original affidavit with attachments and the return of service explicitly refers to the service of the affidavit.

documents. First, the note and mortgage were attached to and incorporated in the complaint. By their answer, defendants admitted the existence, validity and breach of the note and mortgage. Thus, there was no need to resort to the affidavit. In any event, however, when attached documents are identified as copies by the affiant and incorporated and made part of an affidavit, they are sworn copies within the meaning of M.R.Civ.P. 56(e).

■■■ The existence and validity of the junior mortgages is established as a matter of law by the pleadings and the affidavit that accompanied the motion for summary judgment. Although defendants stated in their answer to the complaint that they were without knowledge or information sufficient to form a belief as to the existence of the junior mortgages, they failed to respond to plaintiff's affidavit and generated no genuine issue of fact. The judgment of the Superior Court properly determined the existence and priority of the junior mortgages. Presumably relying on a draft order provided by plaintiff's counsel, the court determined the outstanding balance on the junior mortgages and ordered the payment of that sum from available sales proceeds. There is simply nothing in the record before us to support the court's determination of the amount due. Plaintiff contends that defendants have not preserved this issue because they failed to address it in the Superior Court. We disagree. The balance due was not mentioned in the pleadings or in any of the material submitted in support of the motion for summary judgment. The figures appear only in the court's judgment and there is no suggestion that defense counsel was even shown a copy of the judgment before it was signed. Such circumstances do not give rise to a waiver.

The entry is:

Judgment vacated in part. Remanded for further proceedings consistent with the opinion herein. In all other respects, the judgment is affirmed.

All concurring.